# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA MEDINA-MELLEY,<br><br>                                  Plaintiff,<br>vs.<br><br>JO ANNE B . BARNHART, Commissioner of Social Security,<br><br>                                  Defendant. | CASE NO. 06cv0808 JM(WMc)<br><br>ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION; GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT; DENYING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT |

On July 16, 2007 Magistrate Judge McCurine entered a Report and Recommendation Granting Plaintiff's Motion for Summary Judgment, Denying Defendant's Cross Motion for Summary Judgment and Further Recommending the Case be Remanded for Further Proceedings ("R & R"). The sole issue raised by the parties on the cross motions for summary judgment is whether "the ALJ failed to consider the impact of her obesity with her other multiple impairments on her ability to work." (R & R at p.7-8). Magistrate Judge McCurine concluded that the ALJ considered Plaintiff's obesity with respect to her cardiovascular condition but that the R & R was silent with respect to the impact of Plaintiff's obesity on her other medical impairments (asthma/chronic obstructive lung disease, seizures, high blood pressure, a heel injury and diabetes mellitus). The Magistrate Judge found that "the ALJ committed error by failing to consider the effects of Plaintiff's obesity on her other

impairments" and recommended remanding the action for further proceedings.

The Commissioner objects to the R & R on the ground that the ALJ did in fact consider Plaintiff's obesity in connection with her other impairments and therefore substantial evidence supports the ALJ's decision denying benefits.[1]  In Burch v. Barnhart, 400 F.3d 676 (9th Cir. 2004), the claimant challenged whether the ALJ adequately considered plaintiff's obesity. Id. at 681.  There,

> the district court properly noted:
>
> There was no evidence before the ALJ, and none in the record, which states that claimant's obesity limits her functioning.  Neither treatment notes nor any diagnoses addressed claimant's limitations due to obesity.  The medical record is silent as to whether and how claimant's obesity might have exacerbated her condition. Moreover, claimant did not present any testimony or other evidence at her hearing that her obesity impaired her ability to work.

Id. at 683.  While the record revealed that claimant was obese, the Ninth Circuit held that an "ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." Id.  Even in the case where the ALJ proceeds to Step five (as opposed to an equivalency determination at Step three), the ALJ is obligated to "consider an individual's maximum remaining ability to do sustained work activities," SSR 02-01p, and to "consider only limitations and restrictions imposed by all of the individual's impairments, even those that are not severe (such as obesity)." SSR 96-8p.

Here, substantial evidence supports the ALJ's determination that Plaintiff was not disabled for purposes of either the Title II or Title XVI claim. In his decision, the ALJ noted and considered that Plaintiff claimed disability based upon "seizures, high blood pressure, obesity, left heel problems, a heart condition, and asthma." (A.R. 14). In reaching Plaintiff's Residual Functional Capacity ("RFC"), the ALJ considered the medical consultants, state agency physicians, and treating source progress records

---

[1] The record reveals that Plaintiff's weight has fluctuated over the years. Plaintiff is 5 feet 4 inches tall and in 1979 Plaintiff weighed 171 pounds, (A.R. 250), and in 1990 weighed 194 pounds. (A.R. 420).

which supported the RFC determination. (A.R. 19). The ALJ also specifically addressed Dr. Noll's cardiac evaluation wherein he noted that Plaintiff appeared "'relatively asymptomatic' with only complaints of mild exertional dyspnea that she felt was due to her marked obesity." (A.R. 20). These portions of the record provide evidentiary support to find that the ALJ actually considered Plaintiff's obesity in light of her other claimed medical conditions and that the ALJ specifically addressed the impact of Plaintiff's obesity on her cardiovascular condition. While the ALJ did not specifically address Plaintiff's obesity with respect to the other claimed medical conditions (seizures, high blood pressure, left heel problems, diabetes, and asthma) such specificity is not required unless the claimant presents some evidence to establish that the combined effects impaired her function limitations due to obesity. Burch, 400 F.3d at 683 (no error where the ALJ fails to discuss the combined effects of obesity on a claimant's impairments where the claimant fails to present some evidence of impairment). Here, Plaintiff simply fails to direct the court's attention to any evidence in the record to support a finding that Plaintiff was disabled on account of her obesity in combination with any other impairment.[2] Accordingly, the ALJ's decision is supported by substantial evidence and the court affirms the ALJ's decision.

Plaintiff primary relies upon Celaya v. Halter, 332 F.3d 1177 (9th Cir. 2003) for the proposition that the ALJ has the duty to consider Plaintiff's obesity on her other noted impairments (other than the impact of obesity on Plaintiff's cardiovascular system which was specifically addressed by the ALJ). In Celaya, the claimant pursued her claims against the Commissioner in propria persona, without the assistance of counsel. The evidentiary record in that case indicated that the claimant was "extremely obese." Id. at 1179. However, neither the claimant nor the ALJ addressed her obesity in combination with her other impairments. The Ninth Circuit reversed, noting that "the exclusion of obesity from [the ALJ's] analysis is error in that he was addressing an

---

[2] The court notes that the ALJ also performed a detailed Five Step sequential analysis. (A.R. 14-23).

illiterate, unrepresented claimant who very likely never knew that she could assert obesity as a partial basis for her disability." Id. at 1183. The Ninth Circuit reasoned that the ALJ has a heightened duty, in the case of unrepresented claimants, "to fully and fairly develop the record to assure that the claimant's interests are considered." Id.

The court concludes that Celaya is neither persuasive nor as analogous as Burch. In Celaya, unlike the present case, the claimant was not represented by counsel, her obesity approached the listing requirements, and the ALJ did not consider or address the claimant's obesity in combination with any other impairment. Burch distinguished Celaya on similar grounds:

> First, [the issue of obesity] was raised implicitly in Celaya's report of symptoms. Second, it was clear from the record that Celaya's obesity was at least close to the listing criterion, and was a condition that could exacerbate her reported illness. Third, in light of Celaya's pro se status, the ALJ's observation of Celaya and the information on the record should have alerted him to the need to develop the record in respect to her obesity.

400 F.3d at 682. Here, as in Burch, Plaintiff's claims and interests were advocated by experienced counsel, the ALJ specifically noted Plaintiff's claims of obesity in combination with other claimed impairments, the ALJ specifically considered evidence of Plaintiff's obesity in combination with Plaintiff's cardiovascular ailments, and Plaintiff did not present any evidence to the ALJ that her obesity, in combination with any other alleged impairment, should be considered as a disabling factor.

In light of the substantial evidence supporting the ALJ's decision and the absence of legal error, the court declines to adopt the R & R and grants summary judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.**

DATED: September 27, 2007

Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties
        Magistrate Judge McCurine